IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| CORNELIUS WILLIAMS, | ) CASE NO. 1:12 CV 1331 |
| Plaintiff, | ) |
| v. | ) MAGISTRATE JUDGE |
| | ) WILLIAM H. BAUGHMAN, JR. |
| COMMISSIONER OF SOCIAL SECURITY, | ) |
| | ) **MEMORANDUM OPINION AND** |
| | ) **ORDER** |
| Defendant. | ) |

## Introduction

This is an action for judicial review of the final decision of the Commissioner of Social Security denying the application of the plaintiff, Cornelius Williams, for supplemental security income. The parties have consented to magistrate judge's jurisdiction.

The Administrative Law Judge ("ALJ"), whose decision became the final decision of the Commissioner, found that Williams had severe impairments consisting of osteoarthritis of the left knee.[1] The ALJ made the following finding regarding Williams's residual functional capacity ("RFC"):

> After careful consideration of the entire record, I find that Mr. Williams has the residual functional capacity to perform a limited range of light work as defined in 20 C.F.R. § 416.967(b). Specifically, Mr. Williams can lift 20 pounds occasionally and 10 pounds frequently. He can stand or walk for four hours out of an eight-hour workday and sit for six hours out of an eight-hour workday. Mr. Williams can occasionally climb stairs or ramps but cannot climb ladders, ropes, or scaffolds. He cannot balance, kneel, crouch,

---

[1] Transcript ("Tr.") at 75.

> crawl, or perform work involving exposure to hazards such as unprotected heights or uncovered industrial machinery. Finally, he is limited to performing simple, routine, repetitive tasks with easily explainable changes.[2]

The ALJ decided that this RFC precluded Williams from performing his past relevant work.[3]

Based on an answer to a hypothetical question posed to the vocational expert ("VE") at the hearing setting forth the RFC finding quoted above, the ALJ determined that a significant number of jobs existed locally and nationally that Williams could perform.[4] The ALJ, therefore, found Williams not under a disability.[5]

Williams asks for reversal of the Commissioner's decision on the ground that it does not have the support of substantial evidence in the administrative record.

The Court concludes that the ALJ's finding of no disability is supported by substantial evidence and, therefore, must be affirmed.

## Analysis

**1.  Standard of review**

The Sixth Circuit in *Buxton v. Halter* reemphasized the standard of review applicable to decisions of the ALJs in disability cases:

> Congress has provided for federal court review of Social Security administrative decisions. 42 U.S.C. § 405(g). However, the scope of review is

---

[2] *Id.* at 77.

[3] *Id.* at 79.

[4] *Id.* at 80-81.

[5] *Id.* at 81.

> limited under 42 U.S.C. § 405(g): "The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive...." In other words, on review of the Commissioner's decision that claimant is not totally disabled within the meaning of the Social Security Act, the only issue reviewable by this court is whether the decision is supported by substantial evidence. Substantial evidence is " 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' "
>
> The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. This is so because there is a "zone of choice" within which the Commissioner can act, without the fear of court interference.[6]

Viewed in the context of a jury trial, all that is necessary to affirm is that reasonable minds could reach different conclusions on the evidence. If such is the case, the Commissioner survives "a directed verdict" and wins.[7] The court may not disturb the Commissioner's findings, even if the preponderance of the evidence favors the claimant.[8]

I will review the findings of the ALJ at issue here consistent with that deferential standard.

**2.      Substantial evidence supports the RFC finding.**

This appeal presents a single issue:

The ALJ did not find a severe impairment of the right knee, even though the administrative record contains x-ray evidence of abnormalities therein. Did the ALJ commit reversible error by failing to recognize a severe impairment of the

---

[6] *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001) (citations omitted).

[7] *LeMaster v. Sec'y of Health & Human Servs.*, 802 F.2d 839, 840 (6th Cir. 1986); *Tucker v. Comm'r of Soc. Sec.*, No. 3:06cv403, 2008 WL 399573, at *6 (S.D. Ohio Feb. 12, 2008).

[8] *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007).

right knee and to include additional limitations in the RFC finding relating to the right knee?

Williams is indigent and has received virtually all of his medical treatment for the knees through the emergency room at MetroHealth. In five visits to the ER in 2010 and 2011, Williams complained of and received treatment for the left knee.[9] During his last visit in December of 2011, an x-ray of both knees was taken, and the x-ray of the right knee showed "status post interval open reduction, internal fixation of remote patellar fracture with a fractured wire, significant distraction of the fracture fragments, small joint effusion, and a possible chronic nonunion of the patellar fracture."[10] Nevertheless, he received treatment for the left knee only.[11]

During the hearing before the ALJ, counsel for Williams made reference to the x-ray findings of broken hardware in the right knee, and Williams testified concerning his pain in both knees.[12] Nevertheless, the ALJ made virtually no reference to the right knee except to observe that "the record lacks any significant treatment or medical complaints concerning Mr. Williams's right knee, and the record further demonstrates that he has received relatively conservative treatment for his left knee pain while retaining functionality in this joint."[13]

---

[9] Tr. at 197, 245-49, 260-61, 266, 296-98.

[10] *Id.* at 269.

[11] *Id.* at 266.

[12] *Id.* at 11-12, 14-15, 15-16, and 16-19.

[13] *Id.* at 78.

Although the ALJ found Williams capable of light work exertionally, in response to questioning, the VE found a significant number of jobs existing at the sedentary level that Williams could perform.[14] Williams argues that recognition of the severe impairment in the right knee may have resulted in the necessity for a sedentary level of work in the RFC, which alone would not require a reversal given the VE's identification of a significant number of existing sedentary jobs. Nevertheless, to compensate for the right knee impairment, the RFC should have included a sit/stand option and perhaps further limitations given Williams's use of a cane.

Although Williams makes a valid point that the x-ray findings may have indicated a severe impairment of the right knee, this does not mean that the ALJ would necessarily have included greater limitations in the RFC. The ALJ did reference the absence of complaints by Williams to treating physicians at the Metro ER about his right knee and the absence of treatment for any problems with that knee.[15]

On balance, given Williams's burden of proof at step four, a reasonable mind can conclude that the evidence supports the limitations incorporated in the RFC findings as adequate to address Williams's knee impairment. The decision of the Commissioner, therefore, must be affirmed.

---

[14] *Id.* at 80.

[15] *Id.* at 78.

## Conclusion

Substantial evidence supports the finding of the Commissioner that Williams had no disability. Accordingly, the decision of the Commissioner denying Williams supplemental security income is affirmed.

IT IS SO ORDERED.

Dated: September 26, 2013                         s/ William H. Baughman, Jr.
                                                  United States Magistrate Judge